### SLIGHT VIOLATION OF A BUILDING RESTRICTION.

Circuit Court of Cuyahoga County.

THE WINDERMERE REALTY. COMPANY V. PAUL G. SEARLES.

Decided, June 21, 1902.

*Covenants—When Substantial Compliance, Coupled with Neglect to Object to Breach of Building Covenant a Defense.*

Where it appears that the plaintiff has had full knowledge of the facts and made no protest while the defendant was incurring expense in constructing a porch on his house in such a manner as to be a slight violation of a covenant not to build any part of the house nearer than 30 feet to the street line, and it also appears that other lot owners in the same allotment have violated the same covenant to the same, or a greater degree than the defendant, a court of equity will not enjoin the completion and maintenance of the porch.

*M. B. Johnson,* for plaintiff.
*Smith & Taft,* contra.

CALDWELL, J.; HALE, J., and MARVIN, J., concur.

This action was brought by the plaintiff to enjoin him from constructing his house nearer than thirty feet to the side of the street in front of the same. This is an allotment belonging to the plaintiff, in which it is selling lots, on which lots houses are being built, and, in its deeds to purchasers, it places a line thirty feet from the side of the street and requires every part of the building to be back of that line.

It appears from the evidence in this case that the defendant has allowed his porch to project over that line about two feet; the porch is twelve feet wide; when his attention was first called to the fact that he was over the line, his porch was about half completed.

The defendant shows that two other houses having the same restriction as to one, and the same restriction except as to the distance as to the other, have been built over the thirty foot line; that in the one case the porch extends over more than does the porch of the defendant, and in the other the party has brought his porch nearer the street some ten feet than the limitation prescribed in the deed, and it is said that that has been done with the consent of the plaintiff and that the plaintiff has made no objection to the porch on the other side of the street from the one that has encroached ten feet, and that, by reason of the fact that it allows the steps of the houses of nearly all that are built on the street, to be built entirely within the thirty feet, there is a waiver of the provisions of the contract contained in the deed and which is sought to be enforced in this action. That the other lot-owners on the street, aside from the plaintiff, are not seeking to take advantage of the mistake of the defendant in allowing his porch to project over the thirty foot line; but the plaintiff has other lots upon the street to sell and other houses to be erected, and this contract should be construed as any other contract.

If there has been a material violation of it and no waiver, it should be enforced. All that is required in the carrying out of contracts in this state is, that there shall be a substantial compliance with the terms of the contract. We would not like to say in this case that this is a substantial compliance with the contract, unless the plaintiff has itself so treated other non-compliances. If the plaintiff has treated other non-compliances as substantial compliance with the contract. we do not see why the courts should not so treat this.

Another rule applicable to the carrying out of all contracts is, that, if there has been anything near a substantial compliance, the court should not interfere if, by so doing, it will do much injury to the party violating the contract, and bestow no substantial benefit upon the party seeking to have it enforced.

Applying these rules to this case—there has been a violation of this contract, but, in two other instances, saying nothing of the steps of the houses, the plaintiff seems to have acquiesced in a greater violation of the same; it is said and admitted, that it has been done with the plaintiff's consent. This throws light upon what the plaintiff regards as a substantial variation from the contract.

In the cases referred to above, it was not regarded as a substantial variation, while, in *this* case, in less degree it is so regarded.

The evidence shows that the porch in question will be open, will not obstruct the view of other lot owners to any extent, and will be of no substantial injury to the plaintiff, but it will be of considerable injury to the defendant to enforce the covenant strictly, as it said that he can not cut down his porch two feet without greatly disfiguring and disproportioning the appearance of his building.

The greatest injury, perhaps, to the plaintiff would be that this might be a precedent for other persons projecting the porch over the line named in the deed. But, in this case the plaintiff made no complaint at all until the porch was about half completed and, if complaint had been made before the porch was built, undoubtedly the court would have been compelled to make the defendant keep back of the thirty foot line. And, in any case hereafter where the plaintiff did not stand by until the defendant had been to a large expense, seeming at least to give assent to what the defendant was doing, the court would feel at liberty to force the covenant in the deed.

One of the houses spoken of above has its foundation and roof of the porch projecting over the thirty foot line, but the posts supporting the roof of the porch are set back of that line, with which arrangement, so far as we learn in this case, the plaintiff seems content.

A porch projecting over a line for a few inches or a foot or two is not so serious an objection as though the main body of the house projected. It leaves the entire space substantially open to view and air and but very little disfigures the symmetry of the plan of building.

We hold in this case that the defendant shall place his posts back on the thirty foot line. The evidence shows that he can do this without materially injuring his porch and without expense; and, under all the facts and law as above referred to, we feel that this is as much as we should require the defendant to do, taking into consideration other violations of a like covenant, taking also into consideration that his attention was not called to the .fact that he was over the line until his porch was half completed, and taking into consideration the fact that requiring him now to cut down, would be expensive and materially injure the appearance of his house, and that the damage to the plaintiff is substantially nothing.

Instead of granting the injunction prayed for herein, we simply order that the defendant place his posts back of the thirty foot line.

Without any intent in any way to forestall the plaintiff as to any action which he may have under a like covenant in any other deed, we make this decision entirely upon the peculiar facts of this one case, which are not intended to apply to any other with dissimilar facts.